LÓPEZ ET AL., PLAINTIFFS AND APPELLEES, *v.* ORTIZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action of Nullity of Contracts.

No. 3024.—Decided April 2, 1924.

SALE OF PROPERTY—SIMULATION—DEMURRER—MISJOINDER. — The theory of the complaint was that two of the defendants were the concubines or mistresses of the grantor in the conveyances and that each of them combined with the grantor in his lifetime to defraud his legitimate heirs, the plaintiffs. *Held:* That although the demurrer on the ground of misjoinder of causes of action should have prevailed because they were not charged with any combination between themselves and no reason was shown for joining either of them in the cause of action against the other; yet, as the case went to trial and the plaintiffs had ample opportunity to be heard, the proper judgment is a final one in favor of the defendants, unless the appellate court is convinced that the ends of justice require a different holding and that the plaintiffs should be given another opportunity, but the court is convinced to the contrary here.

ID.—ID.—EVIDENCE.—It not being shown that the concubine of the plaintiffs' ancestor was insolvent when she purchased from him for $300, half of which was paid by her and the other half by their natural children, the property whose sale is sought to be annulled, or that the property was sold for less than its value, it can not be held that the conveyance was simulated, especially as there was evidence that the grantee was earning money by her work at the time of the purchase.

ID.—ID.—When it is sought to annul a deed of sale on the ground of simulation the mere pauperism of the grantee at any time is not sufficient to refute the presumption that the contents of the deed are true, especially when the sum in question is as small as $100.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellants.

*Mr. M. A. Martínez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants obtained a judgment in the District

Court of Guayama. The judgment declared that various conveyances were null and void, inasmuch as they were simulated. The theory of the complaint was that two of the defendants were concubines or mistresses of the grantor of the said conveyances and that each of said mistresses combined with the said grantor in his lifetime to cheat and defraud his legitimate heirs, the complainants in this suit. Three nullities were sought and the court found in favor of two of them.

Among other objections the defendants demurred to the complaint on the ground of misjoinder of causes of action. Indeed, no reason was shown for joining either of these two women in the cause of action against the other. They were not charged with any combination between themselves. The demurrer should have prevailed on this ground. Nevertheless, the court overruled it and the cause or causes went on to trial.

The first count alleged a fraudulent or simulated transfer to Juana Ortiz Malavé and her children; that there was no price mentioned in the deed, and that Juana Ortiz and her children at the time were paupers (*insolventes*). There was some evidence that Juana Ortiz was a pauper when López first took up with her. Some of this evidence was unreliable, as witnesses were vague and did not show how they knew of this poverty. The deed made a number of years later recited a consideration of $300, or $150 from the said Juana Ortiz and $150 from her children. They were acknowledged natural children. The complainants failed to prove that either Juana Ortiz or her children did not have the amounts attributed to them at the date of the deed. There may be a suspicion to the contrary, but suspicion is not proof. Juana Ortiz declared that the property was first presented to her, but that afterwards she bought it, describing how she obtained the money. She declared, and at least one other witness declared, that she worked. Given the solemn declaration of the deed, the statements of Juana

Ortiz and the slight proofs of simulation, there was not enough evidence before the court to annul the deed. That a part of the consideration comes from presents made by López would make no difference. There was no evidence that the property was worth more than the consideration recited.

Likewise, the deed was partially in favor of acknowledged natural children. A deed to them for such a small sum could be supported, just as a deed to legitimate heirs might be. There is no attempt at collation in this suit.

With regard to the deed to Bonifacia Díaz, the evidence of even poverty was very slight. The consideration of the deed was $100. Mere poverty at some time or other is not sufficient to rebut the presumption that the recital in the deed is true, especially when the amount concerned is so low as $100.

Bonifacia Díaz conveyed the foregoing property to Dámaso Caraballo. The complaint alleged a purchase by him, knowing of the fraudulent conveyance to Bonifacia Díaz. We have searched the record with care and we find no statement tending to show this knowledge. There is no reason for setting aside the said conveyance to Dámaso Caraballo.

The demurrer for misjoinder of action should have been sustained. Where, however, the case goes on to trial and the complainants have a full opportunity to be heard, the proper judgment to be rendered is a final one in favor of defendants, unless the appellate court is convinced that the ends of justice require a different holding and that the complainants be given another opportunity. The court is convinced to the contrary and judgment should be rendered in favor of the defendants.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.